UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN SCHNEIDER,

        Plaintiff,

vs.                                         Case No. 2:10-cv-139-FtM-29SPC

WALGREEN COMPANY, an Illinois
corporation,

        Defendant.
_____

**<u>OPINION AND ORDER</u>**

Plaintiff Steven Schneider (plaintiff or Schneider) filed suit under the Employee Retirement Income Security Act of 1974 (ERISA) asserting that he was wrongfully denied certain long-term disability benefits under the plan sponsored by his employer, defendant Walgreen Company (Walgreen or defendant). On September 21, 2010, after a review of the administrative record, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #34) to the Court recommending that Walgreen's Dispositive Cross-Motion for Summary Judgment (Doc. #29) be granted and Plaintiff Steven Schneider's Motion for Judgment on the Record (Doc. #28) be denied. Plaintiff's Objections to Report and Recommendation (Doc. #37) were filed on October 15, 2010, and Defendant's Response to Plaintiff's Objections (Doc. #38) was filed on October 25, 2010.

I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

II.

Plaintiff lodges the following objections to the Report and Recommendation: (1) The magistrate judge erred in determining that Walgreen was not "*de novo* wrong" in its decision to deny long-term disability benefits; (2) many of the magistrate judge's findings are inconsistent with the record evidence and reasonable inferences from that evidence; and (3) some of the magistrate judge's findings

are based upon misstatements of the record and the law. More specifically as to these issues, plaintiff asserts that: (a) Plaintiff met his burden of proof by documenting neuropsychological disability due to moderate cognitive and severe memory deficit through the results of four nationally recognized tests which were "dispositive of disability" (Doc. #37, p. 5); (b) the resulting Neuropsychological Report was consistent with plaintiff's claim and subjective complaints; (c) the resulting Neuropsychological Report was consistent with the treating psychiatrist's clinical determination that plaintiff was disabled from "any work"; (d) the magistrate judge misstated the purpose of the Neuropsychological Report and one of its critical results, then stated that plaintiff was "overreaching" when he correctly quoted the Report's findings; (e) the magistrate judge erred in applying the "treating physician" rule and allowed the termination of disability benefits based upon defendant's expert's false statement that the Neuropsychological Report showed "mild" cognitive deficit; and (f) the magistrate judge ignored undisputed objective evidence of disability and failed to make a reasonable inference that plaintiff was disabled from "any work."

Plaintiff further objects that the magistrate judge's findings were tainted by bias and prejudicial statements. This is demonstrated, plaintiff asserts, because the magistrate judge (1) "excoriated" plaintiff unfairly; (2) demonstrated bias towards

plaintiff's record evidence of disability; (3) questioned the probative value of the treating psychiatrist's opinions for reasons that were not significant to defendant's experts; and (4) emphasized certain record facts to support the proposition plaintiff was non-compliant and his lumbar MRI was normal when both inferences "overreached" the record evidence.

Additionally, plaintiff asserts the magistrate judge erred in determining in the alternative that Walgreen did not abuse its discretion in deciding to deny long-term disability benefits. More specifically, plaintiff asserts that (1) Walgreen failed to exercise independent discretionary authority when terminating plaintiff's benefits, and its decision was not entitled to deferential treatment under the abuse of discretion standard; (2) the magistrate judge erred in finding Walgreen was not tainted by a conflict of interest; and (3) the magistrate judge improperly relied upon a non-final social security ruling instead of the final decision awarding benefits to plaintiff[1]. Finally, plaintiff asserts that the magistrate judge failed to properly apply the "deemed exhausted" principle to his claim.

After reviewing the Report and Recommendation and the 965-page Administrative Record, as well as the written submissions by the

---

[1] The final decision was made two weeks before the Report and Recommendation, and was obviously not part of the Administrative Record at the time the disability determination was made by defendant.

-4-

parties, the Court concludes that none of the proposed findings or conclusions was tainted by bias or prejudice. Additionally, the Court fully agrees with the magistrate judge's ultimate finding and conclusion that the eligibility determination concerning the "any occupation" long term disability benefits was not *de novo* wrong. The Court further agrees with the Report and Recommendation alternative finding that even if that decision was *de novo* wrong, it was neither arbitrary nor capricious. Rather, that decision was in fact reasonable. Accordingly, the Court will adopt the Report and Recommendation.

Accordingly, it is now

**ORDERED**:

1. The Objections filed by plaintiff are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (Doc. #34) is **ACCEPTED AND ADOPTED** by the Court, and is specifically incorporated into this Opinion and Order.

2. Defendant Walgreen Co.'s Dispositive Cross-Motion for Summary Judgment (Doc. #29) is **GRANTED**, and plaintiff shall take nothing.

3. Plaintiff Steven Schneider's Motion for Judgment on the Record (Doc. #28) is **DENIED**.

4.  The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2011.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record
DCCD